UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61373-Civ-SCOLA
Consolidated Case No. 12-61984

DEBORAH ELDREDGE,

    Plaintiff,
vs.

EDCARE MANAGEMENT, INC., and
HOSPITAL PHYSICIAN PARTNERS, INC.

    Defendants.
_____/

### Order Granting Defendants' Motion To Dismiss

This is an employment-discrimination case brought by Deborah Eldredge against her former employers, EDCare Management, Inc. and Hospital Physical Partners, Inc. (collectively "EDCare"). EDCare argues that Eldredge's complaint "contains remarkably few actual allegations of fact," and the few facts it does contain "fail to raise [her] claims above the level of speculation." (Mot. Dismiss 1, ECF No. 9.) There are several problems with Eldredge's complaint. For the reasons explained in this Order, the complaint will be dismissed without prejudice.

**1. Legal Standards: Age & Sex Discrimination Claims**

The Age Discrimination in Employment Act (ADEA) makes it unlawful for an employer to fire "or otherwise discriminate against" an employee because of his or her age. 29 U.S.C. § 623(a)(1). The protected age group is 40 or older. 29 U.S.C. § 631(a). "Under the ADEA, a plaintiff may demonstrate age discrimination by either direct or indirect evidence." *Fast v. S. Union Co., Inc.*, 149 F.3d 885, 889 (8th Cir. 1998). Courts have created a burden-shifting framework to analyze cases where a plaintiff is relying on indirect, or circumstantial, evidence. *See Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011). "In order to make out a *prima facie* case for an ADEA violation, the plaintiff must show that she (1) was a member of the protected group of persons between the ages of forty and seventy, (2) was subject to adverse employment action, (3) was replaced with a person outside the protected group, and (4) was qualified to do the job." *Jameson v. Arrow Co.*, 75 F.3d 1528, 1531 (11th Cir. 1996). In a situation where an employer has implemented a reduction-in-force plan, these criteria are altered slightly. *Id.* at 1531-32. In this situation, "the plaintiff establishes a *prima facie* case by demonstrating (1) that she was in a protected age group and was adversely

affected by an employment decision, (2) that she was qualified for her current position or to assume another position at the time of discharge, and (3) evidence by which a fact finder could reasonably conclude that the employer intended to discriminate on the basis of age in reaching that decision." *Id.*

Title VII of the Civil Rights Act of 1964 prohibits employers from engaging in practices that discriminate on the basis of sex. 42 U.S.C. § 2000e-2(a)(1). Title VII claims based on circumstantial evidence are analyzed under the same burden-shifting framework as AEDA claims. *See Marshall v. Mayor & Alderman of City of Savannah, Ga.*, 366 F. App'x 91, 97 (11th Cir. 2010). Under this framework, the plaintiff first has the burden of establishing a *prima facie* case of discrimination . . . by showing that she was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004)

"A complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss." *Henderson*, 436 F. App'x at 937. "But complaints alleging discrimination still must meet the 'plausibility standard' of *Twombly* and *Iqbal*." *Id.* A plaintiff may meet this standard by alleging facts showing that similarly-situated employees outside of the protected class (*i.e.*, younger than 40, or of the opposite gender) were treated more favorably with respect to an employment decision. *Cf. id.* (citing *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir.2003)). "In order to make a valid comparison, the plaintiff must show that he and the comparators are similarly situated in all relevant respects." *Connor v. Bell Microproducts-Future Tech, Inc.*, 492 F. App'x 963, 965 (11th Cir. 2012). "The comparator must be nearly identical to the plaintiff in order to prevent courts from second-guessing an employer's reasonable decisions." *Id.*

### 2. Analysis: Age Discrimination Claims

Eldredge's complaint alleges that she was terminated as part of a "so-called reduction-in-force." In her Response Brief, she explains that she used that language because she believes that there was "not really a reduction-in-force." (Resp. 10, ECF No. 10.) A federal complaint is not the place for insinuation. If Eldredge is alleging that EDCare was not really engaged in a reduction-in-force plan than she must clearly set that out in her pleading. Subtle hints will not do. The plaintiff is the master of the complaint. Neither EDCare nor the Court can adequately evaluate this case without knowing how Eldredge is framing her claims. Is it a reduction-in-force case or isn't it?

In addition to the confusion over Eldredge's theory of her own case, her allegations do not meet the plausibility standard of *Twombly* and *Iqbal*.

Specifically, Eldredge alleges that "a significantly younger female executive assistant was permitted to transfer to a job in a related company." (Compl. ¶ 18, ECF No. 1.) Eldredge does not allege that the other female was younger than 40 years old. Eldredge also fails to allege that she was qualified for the job in the related company. Next, Eldredge alleges that she was "replaced by a substantially younger female." (Compl. ¶ 24.) Again, she does not allege if the other female was younger than 40. Eldredge also fails to allege that the comparator employee held the exact same position as Eldredge or whether her position included additional responsibilities due to the reduction-in-force plan.

### 3. Analysis: Sex Discrimination Claims

Like her AEDA claims, Eldredge's sex-discrimination allegations are insufficient. Specifically, she alleges that she was "offered a significantly lower severance package than a male employee fired [within] the past year for performance reasons." (Compl. ¶ 23.) But this allegation fails to plead facts to demonstrate that this male comparator was nearly identical to Eldredge. The facts that are plead actually suggest that this male comparator is not similarly situated to Eldredge. For example, this male comparator was fired for performance reasons, but Eldredge was purportedly laid off as part of a reduction-in-force plan. Also, Eldredge does not allege that the male comparator was employed as an executive assistant, the position that Eldredge held. Another allegation asserts that "although a male [employee] was recalled to work, she was not." (Compl. ¶ 25.) Again, this allegation fails to assert that the male comparator was recalled to work in the same position that Eldredge held (*i.e.*, as an executive assistant).

### 4. Conclusion

Eldredge's complaint consists mostly of conclusory allegations that do not meet Rule 8's pleading standard. Allegations such as paragraph 28 ("Defendants' treatment of plaintiff was based on her age and thus, constituted age discrimination as proscribed by the ADEA") and paragraph 34 ("Defendants' behavior toward plaintiff was based on her sex and, thus, constituted sex discrimination as proscribed by [Title VII]") epitomize the sort of conclusory statements that courts routinely find do not amount to a short and plain statement under Rule 8(a). *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008). The few facts that Eldredge has plead do not plausibly give rise to an entitlement to relief for age or sex discrimination. The same standards that apply to Eldredge's federal discrimination claims apply equally to her Florida-Civil-Rights-Act claims. *Wilbur v. Corr Servs. Corp.*, 393 F.3d 1192, 1195 n.1 (11th Cir. 2004). Having already analyzed Eldredge's federal claims, this Court need not independently analyze her Florida-law claims. *Id.*

      Having considered EDCare's Motion to Dismiss, the record, and the relevant legal authorities, and for the reasons articulated in EDCare's Motion to Dismiss and in this Order, it is **ordered** that the Motion to Dismiss (ECF No. 9) is **granted**. The Complaint is **dismissed** without prejudice. Eldredge may filed an amended complaint. The deadline to file an amended complaint is **March 4, 2014**.

    **Done and ordered**, in chambers at Miami, Florida, on February 14, 2014.

_____
**Robert N. Scola, Jr.**
**United States District Judge**