UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61373-CIV-SCOLA/OTAZO-REYES
(NO. 12-61984-CIV-SCOLA)

DEBORAH ELDREDGE,

    Plaintiff,

v.

EDCARE MANAGEMENT, INC.,
a Delaware corporation and
HOSPITAL PHYSICIAN PARTNERS,
INC., a Delaware corporation,

    Defendants.
_____/

## ORDER AWARDING FEES AND COSTS

THIS CAUSE came before the Court upon the Affidavit of Barry Pollack in Support of Defendants EDCare Management, Inc. ("EDCare") and Hospital Physician Partners, Inc.'s ("HPP") (collectively, "Defendants") Request for an Award of Attorneys' Fees and Costs Pursuant to Order Dated March 31, 2015 (hereafter, "Affidavit") [D.E. 192]; and Supplemental Affidavit [D.E. 227] (together, "Affidavits"). These matters were referred to the undersigned by the Honorable Robert N. Scola, Jr., United States District Judge, pursuant to 28 U.S.C. § 636 [D.E. 128]. The undersigned held a hearing on these matters on October 19, 2016. For the reasons stated below, the undersigned ORDERS that Defendants shall recover attorneys' fees in the amount of **$414,910.52** and costs in the amount of **$7,522.78**, for a total award of **$422,433.30.**

## BACKGROUND

On September 12, 2012, Plaintiff Deborah Eldredge ("Plaintiff" or "Eldredge") brought claims for overtime and unpaid leave time against Defendants in state court, which case was removed and assigned Case No. 12-61984-CIV-SCOLA (hereafter, "Case 12-61984" or "FLSA Case") [Case 12-61984, D.E. 1; Ex. 2]. On June 20, 2013, Eldredge brought a separate action asserting claims for age and gender discrimination against Defendants (hereafter, "Discrimination Case") [D.E. 1]. On November 20, 2013, the Court consolidated the FLSA Case with the Discrimination Case [Case 12-61984, D.E. 106].

On August 8, 2013, Defendants filed a Motion for Sanctions in the FLSA Case against Eldredge and her counsel, Amlong & Amlong, P.A. (hereafter, "Amlong Firm"), arguing that Eldredge had stolen documents from them [Case 12-61984, D.E. 31]. On November 7, 2013, Magistrate Judge Lurana S. Snow denied the Motion for Sanctions without prejudice. See Order [Case 12-61984, D.E. 92].[1]

On February 14, 2014, Defendants filed a Renewed Motion for a Sanctions Hearing, Based on Plaintiff's Massive Theft of Confidential Information from Defendants, her Plan to Blackmail their Executives, and her Concealment of these Materials During Discovery (hereafter, "Renewed Motion for Sanctions"), arguing that Eldredge had failed to produce the allegedly stolen documents [D.E. 35].

On August 26, 2014, Defendants supplemented their Renewed Motion for Sanctions (hereafter, "Supplement to Renewed Motion for Sanctions") to seek sanctions against the Amlong Firm pursuant to 28 U.S.C. § 1927 (hereafter, "Section 1927") and the Court's inherent powers [D.E. 138].

---

[1] The Court had referred the Motion for Sanctions to Magistrate Judge Snow for disposition [Case 12-61984, D.E. 38].

2

On July 22, 2014, the Amlong Firm filed a Motion to Withdraw as Counsel, which the Court granted on August 12, 2014 [D.E. 113 & 134]. On September 8, 2014, Eldredge filed a Notice of Intent to Proceed *Pro Se* [D.E. 139].

On December 8, 2014, Defendants and Eldredge notified the Court that they had reached a settlement agreement [D.E. 169]. On December 10, 2014, the Court entered a Consent Order and Judgment whereby the case was dismissed with prejudice with the Court to retain jurisdiction to adjudicate Defendants' Renewed Motion for Sanctions as it pertained to the Amlong Firm [D.E. 170].

On March 2, 2015, the undersigned held an evidentiary hearing on the Renewed Motion for Sanctions as to the Amlong Firm [D.E. 187]. On March 31, 2015, the undersigned granted Defendants' Renewed Motion for Sanctions, concluding that Defendants were entitled to "recover from the Amlong firm their reasonable fees and costs incurred in the FLSA case and the Discrimination case," pursuant to Section 1927 and the Court's inherent powers [D.E. 188 at 43-44]. The undersigned instructed Defendants to submit their affidavit of reasonable fees and costs. Id. at 44.

On April 22 and August 14, 2015, Defendants field their Affidavits of fees and costs for Pollack Solomon Duffy, LLP (hereafter, "Pollack Firm"), the law firm of Roger Towers (hereafter, "Roger Towers Firm"), and Shutts & Bowen, LLP (hereafter, "Shutts & Bowen Firm") [D.E. 192 & 227]. On October 16, 2015, Defendants filed their Notice of Filing Attorney Time Entries (hereafter, "Invoices") [D.E. 246].

On May 5 and May 21, 2015, the Amlong Firm filed Objections and Response to the undersigned's Order Granting Defendants' Renewed Motion for Sanctions (DE 188), and Request for *De Novo* Review and Hearing; and Corrected Objections and Response [D.E. 197 &

205]. On July 30, 2015, the Court affirmed the undersigned's imposition of sanctions against the Amlong Firm, "with the slight caveat that sanctions be imposed from October 29, 2012 forward;" and overruled the Amlong Firm's objections [D.E. 226].

On September 19, 2015, the Amlong Firm filed its Response and Objections by the Amlong Firm in Opposition to Defendants' Affidavits (hereafter, "Response to Affidavits"), objecting to the amount of fees and costs sought by Defendants and arguing that an amount between $100,000.00 and $200,000.00 would be reasonable [D.E. 232]. In support of its objections, the Amlong Firm submitted the Declaration of G. Ware Cornell Pursuant to 28 U.S.C. § 1746, Submitted in Opposition to Defendants' Motion for Attorney's Fees (hereafter, "Cornell Declaration") [D.E. 236]. The Cornell Declaration stated that Defendants' fees and costs submissions did not comply with Local Rule 7.3, and that Defendants' hourly rates and number of hours billed were not reasonable. Id. at 4-27.

On October 19, 2016, the undersigned held a hearing on the Affidavits [D.E. 249]. At the hearing, the undersigned directed the Amlong Firm to file a supplemental brief explaining its objections to the fees and costs sought, and directed Defendants to file a response. On October 29, 2016, the Amlong Firm filed its Notice of Filing Supplemental Information Requested by the Court During October 19, 2016 Hearing (hereafter, "Supplemental Information") [D.E. 250]. On November 4, 2016, Defendants filed their Response to Supplemental Information [D.E. 254].

Defendants request the following amounts as fees and costs:

| Roger Towers Firm | $126,964.61 |
| Pollack Firm | $383,836.15 |
| Shutts & Bowen Firm | $123,093.65 |
| Total | $633,894.41 |

See Affidavits [D.E. 192 & 227]. The costs shown in the law firms' Invoices are:

4

| Roger Towers Firm | $7,620.76 |
|---|---|
| Pollack Firm | $23,880.48 |
| Shutts & Bowen Firm | $10,689.45 |
| **Total** | $42,190.69 |

See Invoices [D.E. 246 Ex. 1-5]. Thus, Defendants' fees requests are:

| Roger Towers Firm | $119,343.85 |
|---|---|
| Pollack Firm | $359,955.67 |
| Shutts & Bowen Firm | $112,404.20 |
| **Total** | $591,703.72 |

## DISCUSSION

The Amlong Firm argues that a monetary award "in the range of $100,000.00 but not exceeding $200,000.00, is both reasonable and not unfairly penal," and supplemented its arguments with the Cornell Declaration. See Response to Affidavits [D.E. 232 at 2, 8]; Cornell Declaration [D.E. 236]. However, the undersigned gives no weight to the Cornell Declaration. The undersigned addresses the Amlong Firm's arguments and objections in turn.

### I.    Local Rule 7.3

The Amlong Firm argues that Defendants' Affidavits failed to comply with Local Rule 7.3. See Response to Affidavits [D.E. 232 at 4]. The Amlong Firm argues that the procedural requirements of Local Rule 7.3(a) apply to sanctions motions, citing to In re Bankatlantic Bancorp, Inc. Securities Litigation, 851 F. Supp. 2d 1299 (S.D. Fla. 2011), and the Cornell Declaration. See Executive Summary of Amlong Objections to Defendants' Costs (hereafter, "Objections to Costs") [D.E. 250-1 at 1 n.1].

However, Local Rule 7.3 applies to "motions for attorneys fees and/or non-taxable expenses and costs." See S.D. Fla. L. R. 7.3(a). Moreover, unlike in In re Bankatlantic, where the Court instructed the prevailing party in a Rule 11 sanctions motion to submit a fee petition that "must set forth the information described in and otherwise comply with Local Rule

5

7.3(a)(3)-(7)," here, the undersigned directed Defendants to "submit their affidavit of reasonable fees and costs." Compare In re Bankatlantic, 851 F. Supp. 2d at 1324, with Order Granting Defendants' Renewed Motion for Sanctions [D.E. 188 at 44]. Thus, Local Rule 7.3 does not support the Amlong Firm's objection.

## II.     Attorneys' Fees for the Roger Towers Firm

As noted above, the fees request for the Roger Towers Firm is $119,343.85. The Amlong Firm objects to the following hours billed by the Roger Towers Firm:

| Objection | Objected-to Hours | Blended Hourly Rate, Rounded ($) | Amount Objected to |
|---|---|---|---|
| Clerical | 83.4 | 283 | $23,587.00 |
| Excessive time to prepare answer/affirmative defenses, response to statement of claim | 17.8 | 252 | $4,497.00 |
| Excessive time to prepare scheduling report and discovery plan | 10.5 | 259 | $2,729.00 |
| Excessive time for preparation of Rule 26 disclosure | 22.1 | 281 | $6,213.00 |
| Excessive time to prepare for/take Plaintiff's deposition | 60.2 | 268 | $16,111.00 |
| Excessive time to prepare for/take deposition of Susan Greco | 12.0 | 305 | $3,660.00 |
| Excessive time for/take deposition of David Schillinger | 18.3 | 305 | $5,581.50 |
| Excessive time on motion for summary judgment | 44.9 | 238 | $5,236.00[2] |
| Remaining time, assumed to be inflated[3] | 120.7 | 274 | $8,367.17 |
| **Total** | | | **$75,981.67** |

See Executive Summary of Fees Claimed, Objections and Allowed Fees (hereafter, "Objections to Fees") [D.E. 250-2 at 3-5].

---

[2] The $5,236.00 figure is the result of a computational error. The 44.9 objected-to hours at a blended hourly rate of $238 amounts to $10,686.20.

[3] The Amlong Firm argues that the remaining 120.7 hours should be reduced by the average reduction factor for the objected-to hours of 25.3%, which amounts to $8,367.17. See Objections to Fees [D.E. 250-2 at 4-5].

6

The undersigned agrees with the Amlong Firm that the 83.4 hours billed for clerical work are not recoverable. Therefore, $23,587.00 is deducted from the Roger Towers Firm's fees of $119,343.85 for an adjusted total of $95,756.85. Applying her own knowledge and experience concerning reasonable and proper fees, the undersigned finds it appropriate to further reduce that amount by 25% for a final fees award of **$71,817.64**. See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.")

### III. Attorneys' Fees for the Pollack Firm and Shutts & Bowen Firm

As noted above, the fees requests for the Pollack Firm is $359,955.67 and for the Shutts & Bowen Firm is $112,404.20, for a total of $472,359.87. The Amlong Firm objects to the following hours billed by the Pollack Firm and Shutts & Bowen Firm:

| Objection | Objected-to Hours | Blended Hourly Rate, Rounded ($) | Amount Objected to |
|---|---|---|---|
| Vague billing entries, including block billed time with vague entries with no time quantified | 254.5 | 437 | $111,238.00 |
| Clerical time, including block billed entries with unqualified clerical time | 37.72 | 336 | $12,687.70 |
| Excessive time spent on motion for summary judgment in the FLSA case | 57.3 | 456 | $26,089.50 |
| Duplicative billing entries and work | 6.5 | 341 | $2,215.00 |
| Overstaffing for hearing on first sanctions motion (Judge Snow hearing) | 5.3 | 465 | $2,464.50 |
| Excessive time for local counsel "monitoring" prior to Amlong withdrawal | 14.3 | 324 | $4,789.50 |
| Excessive time for local counsel "monitoring" during litigation of third sanctions motion | 3.1 | 310 | $961.00 |
| Post withdrawal time not related to Amlong | 76 | 392 | $29,826.00 |

7

| Remaining time[4] | 803.3 | 383 | $147,678.67 |
|---|---|---|---|
| **Total** | | | **$337,949.87** |

See Objections to Fees [D.E. 250-2 at 5-8].

The undersigned agrees with the Amlong Firm that 37.72 hours for clerical work and 6.5 hours for duplicative work are not recoverable. Therefore, the corresponding amounts of $12,687.70 and $2,215.00 are deducted from the Pollack Firm and the Shutts & Bowen Firm's fees of $472,359.87 for an adjusted total of $457,457.17. Applying her own knowledge and experience concerning reasonable and proper fees, the undersigned finds it appropriate to further reduce that amount by 25% for a final fees award of **$343,092.88**. See Norman, 836 F.2d at 1303.

Accordingly, the undersigned finds that a total attorneys' fees award in the amount of **$414,910.52** is reasonable and recoverable by the three law firms.

### IV. Costs

The Amlong Firm objects to entries totaling $22,121.18 as vague because the details for those entries were redacted; and objects to $11,821.73 for cost entries with insufficient information. See Objections to Costs [D.E. 250-1 at 1]. The undersigned agrees with the Amlong Firm that these costs are not recoverable.

The Amlong Firm next objects to $725.00 for service of process fees in excess of the statutory marshal's fee of $65 per subpoena. Id. The undersigned agrees with the Amlong Firm that these costs are not recoverable. See E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (holding that private process servers that do not exceed the statutory marshal's fees

---

[4] The Amlong Firm argues that the remaining 803.3 hours should be reduced by a factor of 48% (representing the average reduction factor of the objected-to hours not completely eliminated), which amounts to $147,678.67. See Objections to Fees [D.E. 250-2 at 7-8].

8

authorized under 28 U.S.C. § 1921 are recoverable); see also 28 C.F.R. § 0.114(a)(3) (the current marshal's fee is $65 per hour for each item served).

Accordingly, the undersigned deducts the amounts of $22,121.18, $11,821.73 and $725.00 from the $42,190.69 costs request, for an adjusted costs award of **$7,522.78**.

## CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Defendants SHALL RECOVER from the Amlong Firm, pursuant to Section 1927 and the Court's inherent powers, the following reasonable fees and costs incurred in the FLSA Case and the Discrimination Case:

| Attorneys' fees | $414,910.52 |
|---|---|
| Costs | $7,522.78 |
| **Total** | **$422,433.30** |

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of March, 2017.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Robert N. Scola, Jr.
Counsel of Record

Amlong & Amlong, P.A.
500 NE 4th Street 2nd Floor
Fort Lauderdale, FL 33301-1154

9